THE PEOPLE, on the relation of F. C. White, *vs.* BROWN clerk of Oneida county.

Where no rule is adopted by the judges of a county court as to the number of commissioners to be appointed in the several towns of a county, not more than *two* can be appointed; and where, in such case, the offices of two commissioners expire, and the term of office of a third continues, an appointment of only *one* can be made.

Where, under such circumstances, one of the commissioners whose office expires is *re-appointed*, the other cannot *hold over*, as by such re-appointment the town has the full complement to which it is entitled.

MOTION for a mandamus commanding the clerk of Oneida county to record a deed acknowledged before Henry N. Pease on the 14th December, 1831, who claimed to be a *commissioner of deeds* for the town of Utica, in the county of Oneida. The clerk denied that Pease was a commissioner on the day that he took the acknowledgment of the deed, and the ques-

February 9.

tion presented to the court, is whether he was or was not a commissioner. On the 20th November, 1827, *Pease* and one *Barnum* were appointed commissioners. By the provisions of the statute, there are to be appointed not less than *two*, nor more than *four* commissioners in each town in the state, 1 R. S. 97 ; the judges of the county court in each county, at the county court next preceding the annual meeting of the judges and supervisors for the purpose of appointing commissioners of deeds, are required to determine by rule of court the number of commissioners in each town for the year next ensuing such annual meeting, but no limitation thus to be made is to vacate the office of any persons then in office. 1 R. S. 101, § 5, 7. In September, 1830, the judges of Oneida adopted a rule that the number of commissioners in *Utica* for the year then next ensuing should be *three*, and in November, 1830, the judges and supervisors appointed one *Tiffany* a commissioner. In September, 1831, the judges omitted to adopt any rule as to the number of commissioners, and in November, 1831, they re-appointed *Barnum*. Pease was not re-appointed, but he claims to hold over until a successor to him is appointed and qualified, under the provision of the statute in relation to officers holding over. 1 R. S. 117, § 9.

*By the Court*, SAVAGE, Ch. J.   Where no rule is adopted by the judges of a county court as to the number of commissioners to be appointed in the several towns of a county, not more than *two* can be appointed. In November, 1831, when Barnum was re-appointed, there was no rule in force, the judges in that year having omitted to adopt one, and the rule of 1830, being inoperative, (the statute requiring the judges to make their determination *annually*,) but one commissioner could be appointed, as *Tiffany*, who received his appointment in 1830, was in office and would continue so till 1834. When, therefore, *Barnum* was re-appointed, as many commissioners were in office in *Utica* as the provisions of the law will permit, and there was *no ommission* to appoint, under the color of which Pease can hold over. It is unnecessary to say what would have been the effect of the omission to make any appointment of a commissioner in 1831, as to the rights of both Pease and

Barnum to hold over, because a commissioner was appointed in that year. There are *two* commissioners regularly in office in the town of Utica, and there is no law or authority to appoint more until the judges of the county court authorize an increase, which they have not done, as the rule of 1830, in its terms, is to continue but one year, and the judges had no power to adopt a rule which should continue longer; the rule expired by its own limitation, which produces the same result as if expressly rescinded. · The deed in question was not legally acknowledged, and the clerk properly refused to record it. The motion for a mandamus is denied.